```
        IN THE UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MARYLAND
```

                                  :
NEAL JOHN FRONEMAN
                                  :
    v.                            :    Civil Action No. DKC 23-2979
                                  :
UR MENDOZA JADDOU, Director,
U.S. Citizenship and Immigration:
Services, et al.
                                  :

**MEMORANDUM and ORDER**

Plaintiff Neal John Froneman filed this action on November 1, 2023, seeking to compel Defendants to make a decision on his petition by investor to remove conditions on permanent resident status. (ECF No. 1). Plaintiff and Defendants filed a stipulated motion to transfer this action to the United States District Court for the District of Columbia on January 17, 2024. (ECF No. 7). For the following reasons, the parties will be directed to supplement their joint stipulated motion.

A plaintiff may bring a federal action against an officer or employee of the United States in "a judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1). 28 U.S.C.

Section 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Section 1404(b), cited by the parties, applies only to transfer to a different division, not to a different district. *See, e.g., Combs v. Florida Dept. of Corr.*, 461 F.Supp.3d 1203, 1206 (N.D. Fla. 2020).

A party moving to transfer pursuant to § 1404(a), "bears the burden to establish both (1) that the plaintiff could have brought the action in the proposed transferee court and (2) that the action should have been brought there.  *See Kontoulas v. A.H. Robins Co.*, 745 F.2d 312 (4th Cir. 1984); *Lynch v. Vanderhoef Builders,* 237 F. Supp. 2d 615, 617 (D. Md. 2002)." *Manne v. Jaddou*, No. CV 21-1092 PJM, 2022 WL 102853, at *6 (D. Md. Jan. 11, 2022).  As noted in that case and in *Chakrabarti v. USCIS*, 2021 WL 4458899, *3 (D.Md. September 29, 2021), a plaintiff can bring this type of case in the judicial district where the USCIS office adjudicating the petition is located or where the Plaintiff resides.  Plaintiff resides in Florida and the required investment is in Florida.  The U.S. Citizenship and Immigration Services ("USCIS") headquarters is in Maryland and the USCIS office adjudicating Plaintiff's petition is unknown.

2

In deciding a motion to transfer venue under Section 1404(a), the court must "weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The host of convenience factors a court should consider include, *inter alia*, "(1) the plaintiff's choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; . . . [and (4)] avoidance of unnecessary problems with conflicts of laws." *Brown v. Stallworth*, 235 F.Supp.2d 453, 456 (D.Md. 2002) (*quoting Choice Hotels Int'l, Inc. v. Madison Three, Inc.*, 23 F.Supp.2d 617, 622, n.4 (D.Md. 1998) (internal citations omitted)).

The parties contend that the appropriate venue for this action is the District of Columbia but provide no specific reason why.

Accordingly, it is this 22nd day of January, 2024, by the United States District Court for the District of Maryland hereby ORDERED that:

1. The parties ARE PROVIDED twenty-one (21) days to supplement their stipulated motion to transfer this action to the United States District Court for the District of Columbia; and

    2.   The Clerk will transmit a copy of this Order to counsel for the parties.

                                                          /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge