```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

                                :
NEAL JOHN FRONEMAN
                                :

    v.                          :  Civil Action No. DKC 23-2979

                                :
UR MENDOZA JADDOU, Director,
U.S. Citizenship and Immigration:
Services, et al.
                                :
```

**MEMORANDUM and ORDER**

Plaintiff and Defendants filed a stipulated motion to transfer this action to the United States District Court for the District of Columbia on January 17, 2024. (ECF No. 7). The court issued a Memorandum and Order on January 22, 2024, directing the parties to supplement their motion with a specific reason. (ECF No. 8). As directed, the parties filed a supplement on February 5, 2024, stating that their stipulated motion should be granted because the United States Citizen and Immigration Services ("USCIS") office adjudicating Plaintiff's petition is in Washington, D.C. (ECF No. 9). For the following reasons, the parties' stipulated motion will be granted.

Since the USCIS relocated its headquarters from the District of Columbia to Maryland in December 2020, many types of immigration cases have been filed in this district solely because the headquarters are here. In a comprehensive opinion, Judge Peter J.

Messitte explained why a case brought by nearly 200 plaintiffs seeking expedited adjudication of their employment-based visa applications would be severed into individual actions and transferred to the federal district covering the service center or field office where each application was pending.  See *Chakrabarti v. USCIS*, No: 21-CV-1945-PJM, 2021 WL 4458899 (D. Md. September 29, 2021).  Several more cases involving visa applications were transferred for reasons stated in *Manne v. Jaddou*, No. 21-CV-1947-PJM, 2022 WL 102853 (D.Md. January 11, 2022).  See also, *Dhimar v. Blinken*, No. 22-CV-2175-PJM, 2022 WL 17540972 (D.Md. December 8, 2022)(noting that more than 40 lawsuits were filed in this district challenging allegedly unreasonable delay by U.S. consulates processing visas, all of which were transferred to the United States District Court  for the District of Columbia).  Plaintiff filed here purportedly relying solely on the location of USCIS headquarters.

    The parties' motion to transfer will be granted.  As noted in *Chakrabarti v. USCIS*, 2021 WL 4458899, *3 (D.Md. September 29, 2021), a plaintiff can bring this type of case in the judicial district where the USCIS office adjudicating the petition is located or where the Plaintiff resides.  Here, the USCIS office adjudicating Plaintiff's petition is in the District of Columbia.

Although the District of Maryland is a possible venue, it is not the proper or most convenient venue.

Accordingly, it is this 5th day of February, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The parties' stipulated motion to transfer (ECF No. 7) BE, and the same hereby IS, GRANTED;

2. This action BE, and the same hereby IS, TRANSFERRED to the United States District Court for the District of Columbia for all further proceedings as may be deemed appropriate by that court pursuant to 28 U.S.C. § 1404(a); and

3. The Clerk will transmit a copy this Order to counsel of record and close this case.

/s/
DEBORAH K. CHASANOW
United States District Judge
